# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ERIC AICHER,

     Plaintiff,

v.                                              No. 21-CV-347-RB-SCY

JANEL SARRACINO, et al.,

     Defendants.

## ORDER DIRECTING AMENDMENTAND DENYING MOTION TO COMPEL

THIS MATTER is before the Court on the Tort Complaint filed by Plaintiff in the First Judicial District Court, State of New Mexico, County of Santa Fe, and removed to this Court by Defendant Janel Sarracino. (Doc. 1-1.) Also before the Court are the numerous pleadings and exhibits filed, post-removal, as supplements to the Complaint (Docs. 5–7, 9–12, 15), and Plaintiff's Motion to Compel (Doc. 13). Plaintiff is a state prisoner, proceeding *pro se*. In the Complaint, he primarily seeks relief under 28 U.S.C. § 2241 for an alleged deprivation of his right to due process in the context of a prison disciplinary proceeding. It appears that he also seeks to state claims for alleged violations of his Fourteenth Amendment right to equal protection and an Eighth Amendment deliberate indifference claim arising under 42 U.S.C. § 1983. In the Motion to Compel, Plaintiff seeks to prompt the Court to resolve his claims. For the reasons stated herein, Plaintiff will be required to amend his pleadings. The Motion to Compel will be denied as moot.

## I.    Plaintiff Must Amend His Pleadings to Comply with Fed. R. Civ. P. 8(a).

Because Plaintiff is incarcerated, the Complaint is subject to *sua sponte* screening. *See* 28 U.S.C. § 1915A (requiring screening of prisoner civil rights complaints); Habeas Corpus Rule 4(a) (requiring screening of habeas claims). The Court must dismiss any pleading that is frivolous,

malicious, or fails to state a cognizable claim. *Id.* The Court cannot perform its screening function because it is unclear which claims Plaintiff intends to assert. Instead of providing a short and plain statement showing his entitlement to relief and specifying the relief he seeks, as required by Rule 8(a), Plaintiff's Complaint, as supplemented, comprises 160 pages of allegations, arguments, and exhibits. "It is not the role of either the court or the defendant to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct plaintiff's causes of action." *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014). Plaintiff will therefore be required to clarify his claims by filing an appropriate habeas petition and/or an amended prisoner civil rights complaint.

## II.    Challenges to the Execution of a Sentence Must be Brought under 28 U.S.C. § 2241.

28 U.S.C. § 2241 is the means by which state prisoners may collaterally attack the execution of their sentences in federal court. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."). Challenges to prison disciplinary proceedings constitute an attack on the execution of a prisoner's sentence. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Plaintiff alleges that he was deprived of due process and was subjected to discrimination in the context of a major level disciplinary proceeding in November 2020 that resulted in a loss of good time credit. These claims cannot be raised in a civil rights action; they must be brought in a habeas corpus proceeding. *See id.* at 811–12. The Court will mail Plaintiff a blank § 2241 habeas petition, which he may use to commence a separate habeas action.

## III.   Challenges to the Conditions of Confinement under 42 U.S.C. § 1983.

In contrast, to a habeas proceeding, "a civil rights action . . . attacks the conditions of the

prisoner's confinement and requests monetary compensation for such conditions." *Rhodes v. Hannigan*, 12 F.3d 989, 991 (10th Cir. 1993). It appears that Plaintiff may wish to challenge the conditions of his confinement—*i.e.*, by raising a Fourteenth Amendment equal protection claim or an Eighth Amendment deliberate indifference claim. Such claims arise under 42 U.S.C. § 1983, which provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. It allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. *Id.*

A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To state a viable claim a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. The complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

If Plaintiff wishes to pursue claims under § 1983, he should file a single amended complaint in this case that complies with Rule 8(a)(2) and endeavor to comply with the foregoing standards governing a § 1983 claim. The Court will mail Plaintiff a blank Prisoner Civil Rights complaint that he may use to pursue any such claims.

Plaintiff should be mindful, however, that that to the extent any potential claims alleging a

deprivation of his Constitutional rights would imply the invalidity of the disciplinary proceeding, they would be barred unless and until he prevails in his habeas challenge. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (A state prisoner's § 1983 claim that would necessarily imply the invalidity of their conviction or sentence must be dismissed "unless [he] can demonstrate that the conviction or sentence has already been invalidated."); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending the *Heck* doctrine); *Cardoso v. Calbone*, 490 F. 3d 1194, 1199 (10th Cir. 2007) (recognizing that the *Heck* doctrine applies to "challenges to punishments imposed as a result of prison disciplinary infractions.").

## IV.   Plaintiff's Motion to Compel Shall be Denied as Moot.

Because the Court cannot perform its screening function until Plaintiff has amended his pleadings as directed, the Motion to Compel shall be denied as moot.

**IT IS ORDERED** that:

(1)    Within 30 days of the entry of this Order, Plaintiff should file an amended prisoner civil rights complaint and/or a § 2241 habeas petition consistent with the foregoing standards.

(2)    The Clerk's Office shall Mail Plaintiff a form § 1983 prisoner civil rights complaint and a blank § 2241 petition.

(3)    If Plaintiff fails to file an amended complaint or a habeas petition by the deadline his claims may be dismissed without prejudice.

(4)    Plaintiff's Motion to Compel (Doc. 13) is DENIED as moot.

ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE