**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ERIC AICHER,

    Plaintiff,

v.  No. 21-CV-0347-RB-SCY

JANEL SARRACINO, CORE CIVIC,
NEW MEXICO DEPARTMENT OF
CORRECTIONS,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court on Plaintiff Eric Aicher's Amended Complaint, filed December 13, 2022. (Doc. 17.) Aicher is incarcerated and proceeding *pro se*. He seeks damages for an alleged deprivation of due process in a prison disciplinary proceeding. Having reviewed the Complaint and the relevant law pursuant to the screening requirement of 28 U.S.C. § 1915A, the Court finds that the Complaint must be dismissed for failure to state a claim upon which relief can be granted. Aicher's Amended Complaint will be dismissed without prejudice to his ability to seek relief in a separately filed habeas action under 28 U.S.C. § 2241.

**I.     Factual and Procedural Background**

Aicher commenced this case by filing a Tort Complaint in the First Judicial District Court, State of New Mexico, County of Santa Fe. (Doc. 1-1.) Defendant Janel Sarracino removed the case to this Court, as it raised federal constitutional claims. (*See* Doc. 1.) It appeared from the original complaint and from various documents filed in supplementation of it that Aicher primarily sought relief under 28 U.S.C. § 2241 for an alleged deprivation of his right to due process in the context

of a prison disciplinary proceeding. (*See* Doc. 16 at 1.) It appeared that he also sought to state claims for alleged violations of his Fourteenth Amendment right to equal protection and deliberate indifference under the Eighth Amendment under 42 U.S.C. § 1983. (*See id.*) Because it was unclear what claims Aicher intended to assert, the Court entered an Order Directing Amendment requiring Aicher to clarify his claims by filing an appropriate habeas petition challenging the constitutionality of the disciplinary proceedings and/or an amended prisoner civil rights complaint challenging the conditions of his confinement. (*Id.* at 2–4.) In response to the Court's Order, Aicher filed the Amended Complaint to clarify his claims. Aicher seeks compensatory damages for discrimination and violations of his right to due process in the context of a prison disciplinary proceeding. (Doc. 17 at 8.) He seeks relief under 28 U.S.C. § 2241 and he does not challenge the constitutionality of the conditions of his confinement. (*Id.* at 1.)

Aicher alleges that in November 2020, two inmates accused him of having sexually harassed a third inmate named Newton Henley. (*Id.* at 2, 6.) Based on these accusations, Prison officials issued a misconduct report and held Aicher in segregation for five days pending a disciplinary hearing. (*Id.* at 2–3.) At the disciplinary hearing held in late November 2020, Aicher requested a representative to assist in his defense as an accommodation for limitations caused by a traumatic brain injury. (*Id.* at 1-2, 4.) His request was allegedly denied, and in an alleged act of discrimination, he was forced to proceed on his own. (*Id.* at 4.) Aicher alleges that he was denied the opportunity to call or question witnesses and was not apprised of the detailed bases of the allegations against him. (*Id.* at 4–6.) The hearing culminated in a finding that Aicher had "on several occasions" sexually harassed Newton Henley. (*Id.* at 6.) In his original complaint, Aicher alleged that he lost 180 days good time credit as a result. (See Doc. 1-1 at 7.)

Based on the foregoing, Aicher claims that Core Civic, the New Mexico Corrections

Department (NMCD), and hearing officer Janel Sarracino discriminated against him and violated his due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article II, Section 18 of the New Mexico Constitution. (Doc. 17 at 4–7.) He seeks monetary damages. (*Id.* at 8–9.)

**II.     Analysis**

    **A.     Standard of Review**

As Aicher is proceeding *pro se* the Complaint must be screened under 28 U.S.C. § 1915A. The Court must dismiss a civil action *sua sponte* if the complaint "is frivolous, malicious[,]" "fails to state a claim on which relief may be granted[,]" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Among other things, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court construes Aicher's pleadings liberally and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state a valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* It does not mean, however, that the court should "assume the role of advocate for the pro se litigant." *Id.*

**B.      Aicher Has Not Pled Viable § 1983 Claims.**

42 U.S.C. § 1983 provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. Section 1983 allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. A § 1983 claim is comprised of two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trs. of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). To plead a viable claim, a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *Trask*, 446 F.3d at 1046. The complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them particularly. *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

      **1.      The New Mexico Department of Corrections is not a "Person" Under § 1983.**

Aicher has identified NMCD as a defendant in this lawsuit. To the extent that Aicher intended to state a claim under § 1983 against the NMCD, the claim is not cognizable. Section 1983 permits claims against a "person" acting under color of state law. It is well-established that the state (and by extension its executive departments and agencies) is excluded from the definition of "person" in the context of § 1983. *Hern v. Crist*, 735 P.2d 1151, 1155 (N.M. Ct. App. 1987) ("[T]he Department of Corrections is not a 'person' within the meaning of Section 1983."); *Wood v. Milyard*, 414 Fed. App'x 103, 105 (10th Cir. 2011) ("arms of the state" such as state agencies

"partake in the State's [sovereign] immunity[.]"). Any § 1983 claim against NMCD must be dismissed accordingly.

### 2. Aicher Has Not Pled Facts that Support a Claim Against Core Civic.

To the extent Aicher seeks to state a claim against Core Civic under § 1983, he has not pled sufficient facts to support such a claim. To succeed in a § 1983 action against a corporate entity, a plaintiff must prove that a corporate employee or agent, acting in conformity with a policy or custom of the corporation deprived him of his Constitutional rights. *Myers v. Okla. Cnty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1316 (10th Cir. 1998); *Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 690-95 (1978); *City of Okla. City v. Tuttle*, 471 U.S. 808, 820 (1985); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003). "Custom" in this context refers to "persistent and widespread discriminatory practices of state officials" that are not authorized by written law" but "could . . . be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691. Aicher has not identified any such policy or custom.

### 3. The *Heck* Doctrine Bars Aicher's Claims.

A state prisoner's § 1983 claim that would necessarily imply the invalidity of their conviction or sentence must be dismissed "unless [he] can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This prevents a "collateral attack on a conviction through the vehicle of a civil suit." *Id.* at 484. Pursuant to the "*Heck* doctrine," a prisoner cannot seek § 1983 damages related to a conviction or sentence until he successfully challenges it in a state federal habeas proceeding. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). The same is true of prison disciplinary decisions. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (extending the *Heck* doctrine); *see also Cardoso v. Calbone*, 490 F. 3d 1194,

1199 (10th Cir. 2007) (recognizing that the *Heck* doctrine applies to "challenges to punishments imposed as a result of prison disciplinary infractions."). Insofar as the due process and discrimination challenges raised in Aicher's Amended Complaint implicate the validity of the disciplinary proceedings, they are barred by *Heck*. They will be dismissed without prejudice to Aicher's prerogative to pursue such claims in a later lawsuit if he prevails in a habeas action. *See Heck*, 512 U.S. at 487 (a state prisoner who can demonstrate that his conviction or sentence "*has already been invalidated*" may pursue constitutional claims to the conviction or sentence under § 1983 (emphasis added)).

        **C.    Aicher's Challenges to the Disciplinary Proceedings Can Be Raised in a Habeas Petition.**

28 U.S.C. § 2241 is the means by which state prisoners may collaterally attack the execution of their sentences in federal court. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *Davis v. Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."); *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811–12 (10th Cir. 1997) (distinguishing § 2241 actions, which are used to attack the deprivation of good-time credits and other prison disciplinary matters from a lawsuit challenging the conditions of a prisoner's confinement under § 1983). To the extent Aicher wishes to challenge the disciplinary proceedings against him, he should pursue relief under § 2241. *McIntosh*, 115 F.3d at 812 (habeas relief may not be pursued in a civil rights case). He may seek such relief in a separate habeas action by filing a proper habeas petition. The Court will mail Aicher a blank § 2241 petition which he may use if he chooses to pursue habeas relief. Aicher is advised, however, that § 2241 relief is available only to petitioners who have exhausted their state court remedies.

### III. The Court Declines to *Sua Sponte* Invite an Amendment.

Having determined the complaint must be dismissed, the Court will *sua sponte* consider whether to invite Aicher to amend the pleading. *See Hall*, 935 F.2d at 1110. *Pro se* prisoners should normally be given an opportunity to remedy defects in their pleadings. *Id.* However, courts need not order an amendment when any amended claims would also be subject to immediate dismissal under Federal Rule of Civil Procedure 12(b)(6) or 28 U.S.C. § 1915. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). Having been ordered to clarify his claims, Aicher filed this Amended Complaint exclusively challenging the constitutionality of the prison disciplinary proceedings against him. Such claims are barred by *Heck* and *Edwards*. Unless and until Aicher invalidates the disciplinary ruling through a habeas case, he cannot pursue damages therefor in a civil rights lawsuit. The Court therefore declines to *sua sponte* order an amendment and will dismiss the Complaint and close this civil case. This ruling is limited to civil claims and has no impact on any federal § 2241 proceeding.

**IT IS ORDERED:**

(1)   The Amended Complaint (Doc. 17) is DISMISSED.

(2)   The Clerk's office should mail Aicher a blank § 2241 Petition, which Aicher may use to pursue habeas relief in a separate habeas action.

(3)   A final judgment closing this case will be entered herewith.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE